UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RUSSELL BOON RHEA | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | NO.3:05CV189RNC |
| ALFRED UHRY | : | |
| Defendant | : | AUGUST 18, 2005 |

## MOTION FOR MORE DEFINITE STATEMENT

1.  In keeping with the provisions of FRCP RULE 12 (e), the Defendant moves that the Plaintiff make his Complaint more definite because it is so vague and ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading.

The defects complained of occur in Count One, Paragraph 2 wherein the Plaintiff alleges "commencing in 2003" without giving dates in 2003 and further sets forth that the Defendant made statements "to friends and business associates of Plaintiff" without setting forth their identities and further sets forth that "these statements included but were not limited [sic] that Plaintiff had stolen documents from potential clients during the course of conducting his mortgage brokerage business and that Plaintiff had attempted to obtain potential

clients' signatures on various mortgage brokerage business documents under false pretenses" thereby informing the Defendant of certain statements allegedly

made by him, but, by the words "but were not limited" leaving an area of speculation, vagueness and ambiguity as to what other statements were supposedly made by the Defendant.

The details desired by the Defendant are that the date or dates of the alleged statements be set forth; the names of the "friends and business associates" be set forth and that the nature of all allegedly defamatory statements be set forth if there are any allegedly defamatory statements other than that of theft and attempting to obtain signatures under false pretenses.

In the absence of these additional details, the Defendant is unable properly to answer the Complaint and prepare his defense and thereby is prejudiced.

2. The Defendant also moves that Count Four, Paragraph 13 be made more definite. In that section of the Complaint, the Plaintiff alleges that the Defendant allowed his daughter "to make numerous defamatory statements concerning Plaintiff, Russell Boon Rhea" and went on to state that the Defendant's daughter "was telling numerous and dangerous lies about Plaintiff" without stating what those "numerous and dangerous lies" were.

-2-

Again, "numerous defamatory statements" and "numerous and dangerous lies" are vague and ambiguous allegations which the Defendant cannot answer.

The details desired are the substance of the "numerous defamatory statements" and "numerous and defamatory lies" along with the dates thereof and to whom the "numerous defamatory statements" and the "numerous and dangerous lies" were allegedly made.

3.  All of Count Four is defective because it does not state whether the Defendant's daughter, Katherine Fox Uhry, was a minor child or an adult child at the time of her alleged making of "numerous defamatory statements" and "numerous and dangerous lies"

The detail which the Defendant moves be added to the Complaint is the statement of the status of the Defendant's daughter at the time that the "statements" and "lies" were allegedly made because her legal status is an important detail concerning the Defendant's legal liability.

-3-

The Defendant,

By_____
James A. Armentano, His Attorney
Katz & Seligman
130 Washington Street
Hartford, CT  06106
Tel. (860) 547-1857
Fax (860) 241-9127
JArmentano@katzandseligman.com
Bar No.: 06542

## ORDER

After hearing had, it is hereby ORDERED that the above Motion be GRANTED / DENIED.

By the Court

_____
Judge / Clerk

-4

## CERTIFICATION

This is to certify that a copy of the foregoing was sent to all counsel of record this 18TH day of August, 2005 as follows:

Peter Luria, Esq.
P.O. Box 779
Avon, CT  06001

_____
James A. Armentano
Commissioner of the Superior Court