UNITED STATES DISTRICT COURT

FEDERAL DISTRICT OF CONNECTICUT

Russell Boon Rhea                                    Civil Action #: 305CV189(RNC)
Plaintiff

v.

Alfred Uhry
Defendant                                                       November  3 , 2005

**MEMORANDUM OF LAW**

      Interrogatories may inquire as to any matter properly discoverable… Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity, and location of persons having knowledge of any discoverable matter… Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff Russell Rhea's interrogatories seek to determine the identities of witnesses and the nature of statements, which Defendant Alfred Uhry made to those individuals. Interrogatories may ask the responding party to identify facts or evidence or to explain the responding parties contentions. Identification interrogatories seek factual information. They are questions that require the responding party to identify pertinent documents, tangible things, or the identity of

persons with knowledge of facts relevant to the action. Fisher & Porter Company vs. Tolson, 143 F.R.D. 93, 95 (E.D. PA 1992). Plaintiff Rhea's interrogatories #8-13 are classic examples of identification interrogatories; they seek to determine the identities of individuals to whom Defendant Alfred Uhry may have spoken and defamed Plaintiff.

Contention interrogatories inquire into an opinion or contention that relates to fact or the application of law to fact. Federal Rule of Civil Procedure 33(c); Capacchione vs. Charlotte-Macklenburg School, 182 F.R.D. 486, 489 (W.D. NC 1998). Contention interrogatories may… ask a party to (1) state what it contends, or (2) whether it is making a contention, or (3) assert a position or explain that position with regard to how the law applies to the facts, or (4) articulate the legal or theoretical reason for a contention. McCarthy vs. Paine-Webber Group, Inc., 168 F.R.D. 448, 450 (D. Conn., 1996). Plaintiff Rhea's interrogatories #14-19 are classic examples of contention interrogatories. They seek to determine the legal theories under which Alfred Uhry defends against claims against him. These theories according to Defendant Uhry's own answer include truth, qualified privilege based on statements made in a quasi-judicial proceeding or based on public records. Rhea is entitled to determine under which specific legal theories Alfred Uhry's bases his defense and the facts supporting those theories.

Plaintiff Rhea's interrogatories #20, 21, 37-42 and his requests for production #2-6 are aimed at obtaining information concerning the credibility of witnesses. The factors bearing on a witness's credibility are properly discoverable.

Interrogatory #6, 7 and 29-36 are all relevant as they seek information concerning Defendant Alfred Uhry's relationship to Katherine Fox Uhry. This information relates directly to Count IV of Russell Rhea's Amended Complaint.

"Defendant's Responses to Plaintiff's Interrogatories and Production Requests" dated September 7, 2005 are also inapposite. Defendant's Objection to Plaintiff's interrogatory #2 is inapplicable. Defendant Uhry's statements about Plaintiff's mortgage brokerage business regardless of when they were made are clearly the type of information that if not directly relevant is clearly calculated to lead to relevant evidence. Defendant Uhry's response also violates the stricture that answers must be responsive, complete and not evasive. Truck Treads, Inc. vs. Armstrong Rubber Company, 818 Federal 2nd 427, 429 (5th Circuit 1987). Defendant Uhry's objection to interrogatory #5 is also not well taken. Objections to interrogatories must state which interrogatory is being challenged and must include the precise reason for the objection. Federal Rule of Civil Procedure 33(b)(4); Burns vs. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 592 (W.D. NY 1996). It is not sufficient merely to assert that one objects that the

interrogatory are burdensome, oppressive, duplicative, irrelevant or that they require research. Burns, Supra.

Defendant's responses to Plaintiff's interrogatory #6, 16, 17, 18, 19, 20, 21, 22, 23 and 24 are also violative of Federal Rule of Civil Procedure 33(a) as they are non-responsive and evasive. Defendant should be ordered to file answers that respond to Plaintiff's interrogatories #2, 5, 6, 16, 17, 18, 19, 20, 21, 22, 23, and 24.

Finally, Plaintiff Rhea points out the frivolous nature of Defendant's Objections to Plaintiff's Interrogatories. On September 28, 2005 more than five months after they were required to do so, counsel for Defendant Alfred Uhry filed their "Defendant's Initial Disclosure pursuant to Federal Rule of Civil Procedure 26." In their belated filing defense counsel listed three individuals and one organization as witnesses known to Defendant concerning the allegations in Plaintiff's Complaint. However, in their responses to Plaintiff's interrogatories #9-13 defense counsel object to answering whether Alfred Uhry spoke to six named persons about Plaintiff Russell Rhea. Defense counsel have identified the persons to whom Alfred Uhry spoke in their belated Rule 26 initial disclosures. They either knew or could have ascertained whether Alfred Uhry spoke to the individuals named in Plaintiff's interrogatories #9-13 by the simple device of asking Alfred Uhry. Defendant either did or did not speak to these individuals and Plaintiff is entitled to this information which defense counsel could easily have obtained by

merely asking their client. Defendant's objections to Plaintiff's interrogatories are therefore frivolous and Defendant should be ordered to pay Plaintiff's costs in making this Motion to Compel.

Peter Luria, Attorney at Law
PO Box 779
Avon, CT 06001
(860) 674-1411
Federal Bar ID: CT05285

5

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law was mailed postage pre-paid, U.S. Mail First-Class this ____ day of November, 2005 to all counsel of record:

Attorney James Armentano
c/o Katz & Seligman
130 Washington Street
Hartford, CT 06106

Attorney Steve Seligman
c/o Katz & Seligman
130 Washington Street
Hartford, CT 06106

Attorney Lester Katz
c/o Katz & Seligman
130 Washington Street
Hartford, CT 06106

_____
Peter Luria, Esquire
PO Box 779
Avon, CT 06001
(860) 674-1411
Federal Bar ID: CT05285