UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
                                    :
RUSSELL BOON RHEA,                  :
                                    :
      Plaintiff,                    :
                                    :
V.                                  :   CASE NO. 3:05CV189(RNC)
                                    :
ALFRED UHRY,                        :
                                    :
      Defendant.                    :
```

RULING AND ORDER

Count four of the complaint in this diversity case alleges that the defendant is liable for failing to prevent his adult daughter from making defamatory statements about the plaintiff. Defendant has moved for summary judgment, contending that, under Connecticut law, he had no legal duty to control his daughter's conduct.  I agree and therefore grant the motion.

Under Connecticut law, parents have no duty to protect others from the conduct of their adult children in the absence of "a special relationship of custody or control." Kaminski v. Town of Fairfield, 216 Conn. 29, 33 (1990) (citing Restatement (Second) of Torts § 315 (1965)).  Such a special relationship does not exist unless a person assumes "guardianship or some other form of legal custody." Bebry v. Zanauskas, 81 Conn. App. 586, 591 (2004).  Merely sharing a residence with an adult child does not create such "a custodial relationship." Id. at 591

n.6.[1]

In <u>Bebry</u>, the plaintiffs were injured in a car accident
caused by an adult driver who was intoxicated at the time of the
accident and had a history of driving while intoxicated.  The
plaintiffs sued the driver and his parents, claiming that the
parents were liable because they had signed their son out of an
institution where he was receiving treatment for alcoholism and
taken him into their home.  After a default judgment was entered
against the driver, summary judgment was granted in favor of the
parents on the ground that they owed no duty to third persons to
control their son's conduct, although they knew of his propensity
to drive while intoxicated.  The Court of Appeals affirmed,
holding that the parents could not be held liable in the absence
of evidence that they had assumed guardianship or some other form
of legal custody of their son.  <u>Id.</u> at 591-92.

In this case, there is no allegation of the type of
custodial relationship <u>Bebry</u> requires in order to hold a parent
legally responsible for failing to control the conduct of an
adult child.  In fact, it is undisputed that defendant did not
have legal custody of his daughter at the pertinent time.

---

[1]   The <u>Bebry</u> plaintiffs premised their argument for
liability on Restatement (Second) of Torts § 319, which provides:
"One who takes charge of a third person whom he knows or should
know to be likely to cause bodily harm to others if not
controlled is under a duty to exercise reasonable care to control
the third person to prevent him from doing such harm."  Because
this case does not involve bodily injury, § 319 would not afford
plaintiff a basis for liability.  Nonetheless, the court's
discussion is helpful in interpreting the common law rule that no
liability can attach in the absence of a special relationship of
custody or control.

2

Accordingly, under Bebry, defendant is entitled to summary judgment.

Plaintiff suggests that defendant's motion should be denied without prejudice to enable him to pursue further discovery. He contends that additional discovery may lead to evidence supporting a finding that defendant knew about, and could control, his daughter's offensive behavior. As Bebry makes clear, however, any such facts would be immaterial in the absence of a custodial relationship between defendant and his daughter. Since it is undisputed that no such relationship existed, further discovery is unwarranted.

Accordingly, defendant's motion for summary judgment on count four [Doc. # 29] is hereby granted.

So ordered.

Dated at Hartford, Connecticut this 28th day of November, 2005.

```
              _____/s/_____
                    Robert N. Chatigny
              United States District Judge
```