```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

RUSSELL BOON RHEA,              :
                                :
     Plaintiff,                 :
                                :
     v.                         :
                                :   CASE NO. 3:05CV189 (RNC)
ALFRED UHRY,                    :
                                :
     Defendant.                 :
                                :
                                :
```

RULING ON MOTION FOR PROTECTIVE ORDER, CROSS-MOTION FOR ORDER AND MOTION FOR SANCTIONS

Pending before the court are the defendant's Motion for Protective Order (doc. #98), the plaintiff's Cross Motion for Order (doc. #102) and the plaintiff's Motion for Sanctions (doc. # 104).

In the Motion for Protective Order, defense counsel, James Armentano, reports that on May 12, 2006, the plaintiff Russell Boon Rhea came to defense counsel's offices and behaved in an unprofessional and vulgar manner.  Attorney Armentano's staff called the police to escort the plaintiff from the premises. Defense counsel provides to the court a deposition transcript from the plaintiff's previous divorce litigation, in which the plaintiff, rather than responding to questions, instead accused his former wife's attorney of legal malpractice and sexual molestation.  Recent letters from the plaintiff, attached to the defendant's motion, suggest that he is now making similar,

baseless accusations against Attorney Armentano.[1]  Defense counsel seeks a protective order barring the plaintiff from coming to his office and limiting communications between the parties.  The plaintiff does not deny that any of this happened but argues that it is being taken out of context, and he further accuses defense counsel of various misconduct.

Neither defense counsel nor his staff should be forced to endure abusive conduct or accusations.  There is no reason why the plaintiff needs to go to defense counsel's office personally.  In the future, all communications between the plaintiff and defense counsel shall be in writing.[2]

The plaintiff's Cross-Motion, which seeks a discovery order, is denied without prejudice.  Motions for discovery orders shall be filed in compliance with Fed. R. Civ. P. 37 and D. Conn. L. Civ. R. 37.  If the plaintiff refiles his motion, he shall file with it a memorandum of law which "shall contain a concise statement of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." D. Conn. L. Civ. R.

---

[1] The defense has not alleged any physical threats, and the offensive communications have been with counsel and his staff, not with his client.

[2] Of course, this restriction will not apply to depositions, court conferences and other formal proceedings.

37(a)(3). The plaintiff is also specifically referred to the meet and confer requirements of D. Conn. L. Civ. R. 37(a)(2).

Finally, the plaintiff has moved for sanctions pursuant to Fed. R. Civ. P. 11, on the grounds that defense counsel filed his motion for a protective order for the improper purpose of harassing and embarrassing the plaintiff. Defense counsel responds that he was greatly concerned about plaintiff's past conduct and his recent behavior and was concerned that this abusive and harassing behavior would continue. In view of all the circumstances, plaintiff's motion for sanctions is denied.

SO ORDERED at Hartford, Connecticut this 9th day of November, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge