UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUSSELL BOON RHEA,            :
                              :
    Plaintiff,                :
                              :
v.                            :
                              :  CASE NO. 3:05CV189 (RNC)
ALFRED UHRY,                  :
                              :
    Defendant.                :

ORDER

Pending before the court are plaintiff's motion for extension of time (doc. #127), plaintiff's motion to compel responses to interrogatories (doc. #128) and defendant's motion to preclude expert testimony (doc. #133). Oral argument on these motions was held on January 30, 2007.

The plaintiff alleges that the defendant, his former father-in-law, made defamatory statements about him. The complaint alleges that "[c]ommencing in 2003 Defendant Alfred Uhry in a non-privileged capacity stated to friends and business associates of Plaintiff . . . that Plaintiff engaged in criminal conduct in both his personal life and in his profession of mortgage broker. These statements included but were not limited that [*sic*] Plaintiff had stolen documents from potential clients during the course of conducting his mortgage brokerage business documents under false pretenses." (Am. Compl., ¶ 2.) Plaintiff alleges that these statements were false, (id., ¶ 3), and that his mortgage brokerage business and his reputation were injured as a result, (id., ¶ 4). In addition to his defamation claim, the

plaintiff also alleges negligent and intentional infliction of emotional distress. (Id., Counts Two, Three.)[1]

This case has generated rulings on four summary judgment motions, four motions to compel, three motions for sanctions and three motions for protective order. Still, discovery is not complete.

The court held two hours of oral argument on the pending motions and has carefully reviewed all of the parties' briefs and arguments in reaching its decision.

**Motion to Compel**

The plaintiff moves to compel the defendant to respond to certain discovery requests. The plaintiff's motion to compel is granted in part and denied in part as follows.

**Interrogatory 1(a).** The parties agreed in open court to modify this interrogatory. The defendant is ordered to answer the revised interrogatory, which is as follows: "Between June 23, 2003 and mid-fall of that same year, did the defendant ever tell anyone that the plaintiff was about to be arrested or that the plaintiff acted unethically in the mortgage business or violated Connecticut banking laws?"

**Interrogatory 1(b).** Granted.

---

[1]The court has granted the defendant summary judgement as to a fourth count alleging negligence. (Doc. # 57.) The court has also granted the defendant summary judgment as to the defamation count insofar as it relates to statements the defendant made in a letter to the Connecticut Banking Department. (Doc. 115, 122.)

**Interrogatory 2**.  Granted.

**Interrogatory 3**.  Denied as moot.  The defendant represented at oral argument that he had already responded to this interrogatory, but plaintiff said he had not received the response.  The defendant represented to the court that he would mail another copy of the response to the defendant by January 31, 2007 via regular mail and via certified mail, return receipt requested.  The motion to compel is therefore moot as to this interrogatory.

**Interrogatory 4**.  Denied.  This interrogatory asks whether, between June 23, 2003 and February 18, 2006, the defendant ever told members of the press that the plaintiff "had a credibility problem" or that plaintiff's claims were "preposterous."  The plaintiff admitted during oral argument that the quoted statements were taken from an article that appeared in the Hartford Courant on February 15, 2005, shortly after this lawsuit was filed.  A copy of the article is attached as an exhibit to the plaintiff's Motion to Compel.

Because the article appeared after this lawsuit was filed, the court finds that the interrogatory is irrelevant to the plaintiff's defamation claim and any factual allegations in the Complaint.

**Interrogatory 5**.  Granted.  The court finds that the requested information is relevant under the liberal standard of Fed. R. Civ. P. 26.

**Interrogatories 6 and 7**. Denied as moot. The defendant stated at oral argument that he had already responded to these interrogatories, but plaintiff said he had not received the response. The defendant represented to the court that he would send another copy of the responses to the defendant by January 31, 2007 via both regular mail and certified mail, return receipt requested. The motion to compel is therefore moot as to Interrogatories 6 and 7.

**Interrogatory 8**. Granted. The parties agreed at oral argument to modify Interrogatories 8a, 8b and 8c into a single interrogatory that the defendant will answer. The amended interrogatory is as follows: Between June 1, 2003 and July 16, 2003, did the defendant discuss Russell Rhea's financing of 11 Ledgewood Drive, Weston, CT with Linda Consiglio Roig? If so, give details." The defendant shall respond to this amended interrogatory.

**Interrogatory 9**. Denied. The defendant's present belief is irrelevant to the defamation claim.

**Interrogatory 10**. The parties agreed in open court to modify Interrogatory 10 as follows: "Other than Burdett's testimony at the 2003 TRO hearing which occurred as part of the plaintiff's divorce proceeding from Emily Uhry, does the defendant have any information that the plaintiff molested a child? If so, what is it?" The plaintiff's motion to compel is granted as to this interrogatory as modified.

**Interrogatories 11a-11d**. The plaintiff's motion to compel is denied as to this interrogatory. The plaintiff admitted in open court that he was not injured by these statements and does not rely on them for any claim. The court finds that these alleged statements are not relevant to the plaintiff's complaint.

**Request for Production 1**. The plaintiff's motion to compel is denied as to this interrogatory. The plaintiff argues that information in the tax returns is relevant to impeach the defendant's testimony in the divorce case, which would undermine his credibility in this case.

Generally, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." Yancey v. Hooten, 180 F.R.D. 203, 215 (D. Conn. 1998) (quoting Scott v. Arex, 124 F.R.D. 39, 41 (D. Conn. 1989) (other citations omitted)). Nonetheless, the court recognizes a defendant's interest in protecting the confidentiality of financial information even if some of it is relevant. Id. Some decisions of this court, indeed, have imposed an even higher standard for the production of tax returns. See, e.g, Gattegno v. Price Waterhouse Coopers, LLP, 205 F.R.D. 70, 73 (D. Conn. 2001)(tax return is discoverable only if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable).

Even under the more minimal standard, the court finds that the tax returns are not relevant to plaintiff's claims because they are not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The plaintiff's argument that the tax returns would undermine defendant's credibility is based on sheer speculation. The tax returns are not relevant to the plaintiff's defamation and emotional distress claims.

**Request for Production 2**. Denied. The plaintiff has requested an accounting of the Alfred Fox Uhry Generation Skipping Trust. Such an accounting is not relevant to the claims in plaintiff's complaint.

**Request for Production 3**. Denied. The plaintiff's argument is that the requested mortgage documents will undermine the defendant's credibility because of a discrepancy about whether the mortgage is for a "primary residence." For the same reasons that the court applied in denying the request for the defendant's tax returns, this request is denied as well. The requested mortgage documents are not relevant to the claims in plaintiff's complaint.

## Motion for Extension of Scheduling Order

The plaintiff requests an extension of time to complete discovery,(doc. #127). In addition to the outstanding written discovery, the plaintiff represented to the court that he intends to depose three witnesses, defendant Alfred Uhry, Kate Uhry and

Paul Hirshauer. The defendant objects to an extension of time, but concedes that he too wishes to take some depositions, including that of the plaintiff and a witness named John Sidor.

Given the court's ruling on the motion to compel, a short extension of time is appropriate. A new scheduling order will be entered. The parties will be granted approximately 60 days, up to and including May 25, 2007, to complete all discovery.

The parties are ordered to promptly confer and schedule all of the remaining depositions. Notices of all remaining depositions shall be issued on or before April 6, 2007. Any motions in connection with remaining depositions shall be filed on or before April 13, 2007.

The plaintiff indicates that he wishes to depose Paul Hirshauer, and defense counsel objects to such a deposition taking place because of a protective order entered by the court. Although there is no motion pending before the court at this time, the court notes that its protective order barred the plaintiff from requiring Paul Hirshauer to produce certain documents at his depositions and from inquiring about those documents (doc. #123). The protective order, by its terms, does not entirely bar a deposition of Hirshauer.[2]

---

[2]The defendant moved for "a protective order with respect to the production of certain documents and limiting the scope of inquiry at the deposition of Paul Hirschauer." (Doc. #112.) That motion was granted. (Doc. #123)

**<u>Motion to Preclude</u>**

Finally, the defendant has filed a Motion to Preclude Expert Testimony (doc. #133). In December, defense counsel received plaintiff's disclosure entitled "Supplemental Disclosure of Witnesses." (Doc. #133, Ex. A.) The disclosure lists several witnesses. Based on that disclosure, the defendant believed that the plaintiff was disclosing new expert witnesses. The disclosure indicates that Bonnie Bevans will testify "that Plaintiff had and has physical manifestations of the emotional harm caused by Defendant." In addition, Dr. Alphonse Altorelli will testify concerning "the Plaintiff's physical manifestations of emotional harm." The defendant objects to these disclosures as untimely and incomplete. The plaintiff did not object to the motion to preclude.

At the oral argument held on January 30, 2007, the plaintiff represented that he does not intend to use Dr. Altorelli or Ms. Bevans as expert witnesses, but will offer them only as fact witnesses. The Motion to Preclude Expert Testimony (doc. #133) is therefore granted.

SO ORDERED at Hartford, Connecticut this 26th day of March, 2007.

```
_____/s/_____
                 Donna F. Martinez
                 United States Magistrate Judge
```