```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

RUSSELL BOON RHEA,                :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :     CASE NO. 3:05CV189 (VLB)
                                  :
ALFRED UHRY,                      :
                                  :
     Defendant.                   :

## ORDER

Pending before the court are the plaintiff's Renewed Motion for Sanctions and an Extension of Time (doc. #157) and the defendant's Motion for Protective Order (doc. #160). The plaintiff alleges that during the defendant's deposition, defense counsel wrongfully instructed his client not to answer some 113 deposition questions. He seeks the imposition of sanctions, as well as an extension of time to continue this deposition and to complete additional discovery. The defendant opposes both of plaintiff's requests and seeks a protective order barring any further discovery directed at the defendant.

The plaintiff has attached pages of the deposition transcript. A review of the transcript pages reveals that counsel for the defendant improperly instructed his client not to answer certain questions based on relevance objections. The Federal Rules of Civil Procedure permit counsel to "instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to

present a motion under Rule 30(d)(4)." Fed. R. Civ. P. 30(d). Instructing a deponent not to answer is not a proper method to object to a question as irrelevant or harassing. Therefore, the defendant must appear for a continued deposition.

The court also recognizes, however, that the subject matter of some of plaintiff's questions might not have been relevant within the meaning of the rules, that is, not reasonably calculated to lead to the discovery of admissible evidence. <u>See</u> Fed. R. Civ. P. 26(b). According to the defendant, some of the questions may even have been intended solely to embarrass or harass the defendant. <u>See</u> Fed. R. Civ. P. 26(c). The defendant has moved for a protective order barring his continued deposition. (Doc. #160.) Although that blanket request will not be granted, in the interest of efficiency, the court reads that motion as also seeking to limit the scope of questioning and/or the length of the continued deposition.

Oral argument on the defendant's Motion for Protective Order (doc. #160) is scheduled for **October 12, 2007 at 2:00 p.m.** On or before **October 5, 2007,** the parties may, if they wish, file supplemental briefs as to the proposed protective order. The defendant's continued deposition shall not be held until after the court rules on the defendant's Motion for Protective Order, but the parties should expect to complete the continued deposition within two weeks after such a ruling.

The plaintiff's motion for sanctions is denied.

The plaintiff's motion for modification of the scheduling order (doc. #157) to permit him to depose certain additional witnesses is denied for lack of good cause shown.  As explained in the Amended Scheduling Order, "[t]he good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order." (Doc. #141.)  Plaintiff has provided no explanation of why he could not complete all of his depositions within the discovery period.  In addition, the Amended Scheduling Order specified that "[t]he parties are ordered to promptly confer and schedule all of the remaining depositions. Notices of all remaining deposition shall be issued on or before April 6, 2007.  Any motions in connection with remaining depositions shall be filed on or before April 13, 2007."  (Doc. #141.)  Plaintiff fails to explain why he was unable to comply with that very specific order.

SO ORDERED at Hartford, Connecticut this 21st day of September, 2007.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge